## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DAVID EUGENE BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV414 DDN |
| | ) | |
| JANE DOE #1, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon remand of this matter from the Eighth Circuit Court of Appeals.

Plaintiff, a former inmate in the Missouri Department of Corrections, brought the instant action in November of 2010, pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Plaintiff sought to proceed in forma pauperis, thus, pursuant to 28 U.S.C. § 1915, the Court assessed an initial partial filing fee in this matter. After plaintiff failed to pay the initial partial filing fee in a timely manner, the Court dismissed the instant action pursuant to Fed.R.Civ.P. 41(b) and denied several post-dismissal motions filed by plaintiff. Plaintiff appealed the dismissal to the Eighth Circuit Court of Appeals, and the Eighth Circuit reversed the dismissal and remanded for further proceedings in this Court. During the interim time period, plaintiff was released from incarceration.

Because plaintiff is proceeding in forma pauperis, the Court will now review his complaint pursuant to 28 U.S.C. § 1915 and order the Clerk to issue process on those portions of the complaint that survive review under § 1915.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.

-2-

This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, a former inmate at Northeast Correctional Center ("NECC"), brings this action for monetary damages pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights by several employees of the Missouri Department of Corrections.[1]

Plaintiff claims that defendant correctional officers at NECC, Jane Doe #1, Unknown Nash and Unknown Calvin, engaged in a conspiracy to have his pain patches and other arthritis medications taken away by making it seem like he was "late for the med pass," which allowed defendants to write him up for conduct

---

[1]Plaintiff's complaint was originally filed as Bailey v. Unknown Brothers, 4:10CV2091 HEA.  Upon review of that complaint, the Court severed plaintiff's complaint into three separate actions.  The instant action pertains to the allegations against only the NECC defendants: Jane Doe #1, Unknown Nash, Unknown Calvin, Unknown Brothers and Unknown Feith.

violations, put him "in the hole," and deny him pain medications.  Plaintiff asserts that the numerous false conduct violations also resulted in a denial of parole.  Plaintiff states that defendant Calvin supervised inmates while "in the hole," and she verbally harassed him, threatened him with disciplinary time and subjected him to "sensory deprivation torture" to punish him for filing grievances.

Plaintiff claims that defendant Feith was the correctional officer in charge of passing out library books at NECC, but that he refused to allow inmates "in the hole" to check out library books.  Thus, plaintiff asserts he was unlawfully denied library books the entire time he was "in the hole."

Plaintiff asserts that defendant Brothers was the correctional officer at NECC in charge of taking prisoners to recreation, getting them ready for medical and dental appointments and supervising the inmates' cleaning of their own cells.  Plaintiff claims that defendant Brothers "refused to do his job" and would "sneak through the wing holding his keys so no one would know [the inmates] could clean [their] cells," or sign up for recreation or medical/dental appointments.  Plaintiff alleges that he was denied recreation on several occasions when he asked defendant Brothers to take him outside, that defendant Brothers made him miss an important dental appointment that he had scheduled to deal with tooth/nerve pain, and that defendant Brothers failed to

let the inmates know that they could clean their own cells, such that his cell was left in an unsanitary condition for the entire time he resided "in the hole."

## Discussion

Plaintiff's claims against defendant Feith for failure to provide him with library books during his time "in the hole" fail to state a claim for relief under § 1983 and will be dismissed.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981) (noting that to establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right).

Plaintiff's claims against defendant NECC correctional officers Jane Doe #1, Unknown Nash, Unknown Calvin and Unknown Brothers survive review under 28 U.S.C. § 1915.  As such, the Court will order the Clerk to issue process or cause process to be issued on the complaint as to the named defendants.  Plaintiff will be given sixty (60) days to provide the proper name and service address of defendant Jane Doe #1.  Plaintiff's failure to do so in a timely manner will result in a dismissal of the claims against this defendant, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims against defendant Feith are dismissed pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint against defendant NECC correctional officers Unknown Nash, Unknown Calvin and Unknown Brothers, pursuant to the waiver agreement the Court currently has in place with the Missouri Department of Corrections.

**IT IS FURTHER ORDERED** that within sixty (60) days of the date of this Order, plaintiff shall provide the Court with Jane Doe #1's proper name and address so that process may be served on this defendant.  Plaintiff's failure to do so in a timely manner will result in a dismissal of all claims against this defendant, without prejudice.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 25th day of January, 2012.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

-6-