UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID EUGENE BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV414 DDN |
| ) | |
| UNKNOWN CALVIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon receipt of a letter from plaintiff on July 16, 2012. In his letter plaintiff states that he has "been in and out of psychiatric hospitals since [his] release from DOC in August 2011." Plaintiff then provides a PO Box in Kennett, Missouri, and states that he is currently residing in a psychiatric group home. Plaintiff requests that the Court contact the Parmele Law Firm for "information," although he does not state what type of information the Parmele Law Firm would be able to impart on this Court. The Court notes that the Parmele Law Firm has not entered an appearance on plaintiff's behalf in this matter, thus, plaintiff is still responsible for representing himself pro se before this Court.

On June 25, 2012, the Court issued a Show Cause Order in another case filed by plaintiff before this Court, Bailey v. McKinney, 4:11CV382 CDP. In the Order, plaintiff was required to promptly notify the Court of an address at which he could be reached. The Court noted that plaintiff appeared to be using several different addresses

in the various cases he had pending before the Court, and he was in direct violation of Local Rule 2.06(B).  The Court further noted that plaintiff had failed to respond to a motion to dismiss his case in both this action, as well as the case in which the Show Cause Order was entered.  See Bailey v. McKinnney, 4:11CV382 CDP.  Accordingly, plaintiff was ordered to show cause, no later than July 10, 2012, why the motion to dismiss should not be granted.  Plaintiff was also required to provide one address that the Clerk of Court should use as the address of record for all of his pending cases.

Plaintiff's letter is completely unresponsive to the Court's Order to Show Cause.  Although he has provided the Court with yet another address at which he purportedly can be reached, this is obviously not the address of the home at which he is currently residing.  Moreover, his reference to the Court to contact the Parmele Law Firm for further "information" is improper in light of the fact that this law firm does not represent plaintiff in the current matters before the Court.

Furthermore, plaintiff has still failed to respond to the pending motion to dismiss in this matter.  Plaintiff cannot file a lawsuit and then simply refuse to pursue the case.  Although plaintiff may be experiencing health difficulties at this time, he is still obligated to proceed with his lawsuit against defendants as long as the matter is currently pending.

Plaintiff will be given one last opportunity to prosecute the present lawsuit against defendants.  Plaintiff will be required to provide the Court with a proper

mailing address and a phone number at which he can be reached **and** respond to defendants' motion to dismiss no later than fifteen (15) days from the date of this Order. If plaintiff fails to either provide a proper mailing address and phone number or respond to defendants' motion to dismiss in a timely manner, his action will be dismissed, without prejudice, pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute and for failure to respond to a Court Order.

Accordingly,

**IT IS HEREBY ORDERED** that if plaintiff wishes to pursue this matter against defendants, he must respond to defendants' motion to dismiss no later than **fifteen (15)** days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff is required to provide the Court with a proper mailing address and a phone number at which he can be reached no later than **fifteen (15)** days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Memorandum and Order his action will be dismissed pursuant to Fed.R.Civ.P. 41.

Dated this 20th day of August, 2012.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE