UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID EUGENE BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV414 DDN |
| ) | |
| UNKNOWN CALVIN, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is defendants' Calvin and Brothers motion to dismiss. Based on the reasoning outlined below, defendants' motion to dismiss will be granted in part and denied in part.

### **Background**

Plaintiff, a former inmate at Northeast Correctional Center ("NECC"), brings this action for monetary damages pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights by two employees of the Missouri Department of Corrections, defendants Lori Calvin and Laurence Brothers.[1]

---

[1]Plaintiff's complaint was originally filed as <u>Bailey v. Unknown Brothers</u>, 4:10CV2091 HEA. Upon review of that complaint, the Court severed plaintiff's complaint into three separate actions, allowing plaintiff to pursue his claims against the NECC defendants in the present action. In his complaint, plaintiff made allegations against five NECC defendants: Jane Doe #1, Unknown Nash, Unknown Calvin, Unknown Brothers and Unknown Feith. The Court dismissed the allegations against defendant Feith during review of the complaint pursuant to

Plaintiff claims that correctional officers at NECC, including defendant Calvin, engaged in a conspiracy to have his pain patches and other arthritis medications taken away by making it seem like he was "late for the med pass," which allowed defendants to write him up for conduct violations, put him "in the hole" and deny him pain medications. Plaintiff asserts that the numerous false conduct violations also resulted in a denial of parole. Plaintiff states that defendant Calvin supervised inmates while "in the hole," and she verbally harassed him, threatened him with disciplinary time and subjected him to "sensory deprivation torture" to punish him for filing grievances.

Plaintiff asserts that defendant Brothers was the correctional officer at NECC in charge of taking prisoners to recreation, getting them ready for medical and dental appointments and supervising the inmates' cleaning of their own cells. Plaintiff claims that defendant Brothers "refused to do his job" and would "sneak through the wing holding his keys so no one would know [the inmates] could clean [their] cells" or sign up for recreation or medical/dental appointments. Plaintiff alleges that he was denied recreation on several occasions when he asked

---

28 U.S.C. § 1915, finding that the allegations against defendant Feith failed to state a claim. Plaintiff's claims against defendants Nash and Jane Doe #1 were dismissed on April 12, 2012, due to plaintiff's failure to provide the Court with service addresses for these individuals. Thus, the only claims remaining in this action are the ones relating to defendants Calvin and Brothers.

defendant Brothers to take him outside, that defendant Brothers made him miss an important dental appointment that he had scheduled to deal with tooth/nerve pain, and that defendant Brothers failed to let the inmates know that they could clean their own cells, such that his cell was left in an unsanitary condition for the entire time he resided "in the hole."

In the motion to dismiss, defendants contend that plaintiff's claims against them in their official capacity are barred by Eleventh Amendment immunity and his individual capacity claims are barred by the doctrine of qualified immunity. Alternatively, defendants assert that plaintiff's claims should be dismissed because his allegations fail to state a claim for relief under the Constitution.

## Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint so as to eliminate claims "which are fatally flawed in their legal premises. . . thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir.2001) (citing Neitzke v. Williams, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). To survive a motion to dismiss for failure to state a claim, a complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the

speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As the United States Supreme Court reiterated in Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly.

Upon considering a motion to dismiss, a federal court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Fed.R.Civ.P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Davenport v. Farmers Ins. Grp., 378 F.3d 839, 842 (2004). The task of a court is then "to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." Zoltek Corp. v. Structural Polymer Grp., 592 F.3d 893, 896 n. 4 (8th Cir.2010) (citing Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir.2009) (noting "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible").

## Discussion

### I. Qualified Immunity

Defendants first assert that plaintiff's claims for damages under § 1983 are barred by qualified immunity. "Qualified immunity may protect government

officials from liability under 42 U.S.C. § 1983, but not if their conduct violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Nelson v. Corr. Med. Servs., 583 F.3d 522, 527 (8th Cir.2009) (citing Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (quotation omitted)).

In analyzing the officials' claim of qualified immunity, courts consider two questions: (1) whether the facts that a plaintiff has alleged or shown, when viewed in the light most favorable to plaintiff, support a finding that the conduct of defendants violated a constitutional right and (2) whether that constitutional right was "clearly established" such that a reasonable official would have known that his or her actions were unlawful. Nelson, 583 F.3d at 528 (citing Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 815–16, 172 L.Ed.2d 565 (2009)).

Here, plaintiff asserts that defendants conspired to write false conduct violations against him, which resulted in plaintiff being denied his pain medication, being transferred to disciplinary segregation and losing his early release date. In addition, plaintiff complains that the conditions of confinement in administrative segregation were unsanitary. Plaintiff also alleges that defendant Brothers failed to perform his duties resulting in plaintiff not receiving his recreation time, missing a dentist appointment, and not being able to clean his cell.

Defendants claim that they are entitled to qualified immunity because plaintiff has not alleged any actions that violated his statutory or constitutional rights of which a reasonable person would have known. The Court will address the qualified immunity analysis to each of plaintiff's claims in turn.

A.   Retaliatory Discipline Claim

The Court will first address defendants' contention that plaintiff's claims against defendant Calvin for approving the false conduct violations should be dismissed because they have been brought against defendant Calvin in her supervisory capacity. See, e.g., Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

The Court believes that defendant has misread plaintiff's allegations.[2] Reading plaintiff's allegations against defendants as a whole, and giving his pro se complaint the benefit of liberal construction, the Court believes that plaintiff has alleged that defendants Calvin and Brothers engaged in a conspiracy to deprive

---

[2]The Court agrees with defendants' contention that plaintiff would not be able to recover damages simply for receiving a false conduct violation from defendants. See Glick v. Sargent, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam). In order to pursue damages against defendants, plaintiff must allege that the defendants filed false conduct violations against him in retaliation for availing himself of his constitutional rights. See, e.g., Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing of disciplinary charge was actionable if in retaliation for inmate's filing of grievances).

him of his pain and arthritis medications by unfairly disciplining him and issuing him false conduct violations in retaliation for accessing the medical treatment he was supposed to have available to him. Specifically, plaintiff states that defendants conspired to issue him false conduct violations and falsely state that he was late for medical call, all in retaliation for his constitutionally protected use of the prison medical system.

Plaintiff states that neither defendant wanted him to receive the "pain patches" he was receiving for his arthritis treatment because they thought this was "special treatment," so they worked together to prepare false conduct violations against him and made it appear as though he was late in checking in for his med pass. Plaintiff claims that these "false conduct violations" then caused him to miss getting his medicines, accumulated and caused plaintiff to be placed in the "hole," and forced him to do additional time in prison.

To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss. See Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993).

The Court believes that plaintiff has sufficiently provided enough allegations against both defendants to state a constitutional violation for conspiracy and retaliation in violation of the Eighth Amendment. See Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007) ("A prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline.") The Court finds that, taking plaintiff's allegations as true, it would be clear to a reasonable officer that his conduct was unlawful in the situations outlined above. Accordingly, at this stage of the litigation, defendants have failed to demonstrate that they are entitled to qualified immunity on plaintiff's allegations of retaliatory discipline.

B.  Extension of Incarceration Claim

To the extent plaintiff is seeking a separate claim for damages, pursuant to the Due Process Clause, for extension of his incarceration, defendants are entitled to qualified immunity on this claim. Such a claim is barred by the rule announced in Heck v. Humphrey. 512 U.S. 477 (1994) (holding that when a prisoner seeks damages under federal civil rights law for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the prisoner must as

a condition of maintaining the suit show that the conviction or sentence has been invalidated either by the state which rendered it, or by a federal court in a proceeding for habeas corpus); see also, Edwards v. Balisok, 520 U.S. 641, 643, 648 (1997) (§ 1983 action for damages and declaratory relief based on prison disciplinary proceedings resulting in loss of good-time credit is barred if success would imply invalidity of punishment imposed); Portley-El v. Brill, 288 F.3d 1063, 1066-67 (8th Cir. 2002) (under Heck, § 1983 action seeking damages for prison discipline that resulted in loss of good-time credits does not arise until inmate has successfully challenged discipline through habeas or some other proceeding).

C.     Deliberate Indifference to Serious Medical Needs

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

In his complaint, plaintiff asserts that he received false conduct violations for being late to pick up his medication. He also asserts that he was denied med passes when defendants lied and said he failed to sign in on time. Plaintiff additionally alleges that he was denied medical attention when defendant Brothers lied to him about his dental appointment, making him miss the scheduled appointment when he was having "extreme nerve pain."

Defendants assert that "[c]onspiring to take away medication is not protected against by the Eighth Amendment thus Defendant Calvin is entitled to qualified immunity." Defendants further assert that "[i]t is not clearly established that the constitution protects inmates from being lied to. Therefore Defendant Brothers is entitled to qualified immunity." In arguendo, defendants assert that plaintiff has failed to allege that he sustained a sufficiently serious injury as a result of either alleged violation.

The Court finds that defendants' arguments are unavailing. As noted above, plaintiff asserts that defendants conspired to lie to him (and to lie to others about him) and issue him false conduct violations, causing him to miss out on receiving medications and miss receiving dental treatment. Plaintiff asserts that he was in "extreme pain" as a result of "nerve exposure" on his gums, and he claims that he needed all of his teeth completely restored. He also asserts that he suffered from

severe pain due to osteoarthritis, causing difficulty in sitting, sleeping, standing, etc. He also asserts that he suffered from muscle spasms in his neck and that he was suffering from a "palsy." The Court finds that these allegations are sufficiently serious as to set forth a constitutional claim for deliberate indifference to his serious medical needs. Further, assuming the facts as plaintiff has provided them, a reasonable official should have known that his or her actions would have resulted in plaintiff being denied medical care. Thus, defendants' request for qualified immunity at this early stage of the litigation must be denied.

D.     First Amendment Retaliation Claim

Defendants assert that plaintiff's conditions of confinement claims merely relate to the comfort of plaintiff's confinement and do not rise to the level of an "extreme deprivation" in order to establish a constitutional violation. Defendants additionally assert that any alleged "verbal abuse" by defendant Calvin does not rise to the level of a constitutional violation. Again, the Court believes that defendants have misread the majority of plaintiff's complaints relating to his conditions of confinement during his time in administrative segregation.

Plaintiff alleges that defendants subjected him to sensory deprivation due to the lighting and buzzers utilized at NECC. He claims that his cell windows were deliberately covered so that he couldn't see out and the "bright florescent" lights

in his cell were kept on at least 18 hours straight each day "and then turned off and on every hour on the hour constantly the entire 3 months [he] was kept in the hole." Plaintiff asserts that defendant Calvin would come by his cell and verbally abuse him, cursing at him, and threatening to spray him with a "fire extinguisher-sized" mace. He claims that she would "sound off the tornado warnings buzzer at all hours day and night to further disrupt [his] sleep along with the lights and slam [his] food port several times a day." Plaintiff claims that "this type of torture and sensory deprivation was used to punish [him] for filing grievances." He claims he filed grievances against both defendants. As stated, plaintiff alleges retaliation in violation of the First Amendment.

"[T]he First Amendment right to petition for redress of grievances includes redress under established prison grievance procedures." Dixon v. Brown, 38 F.3d 379, 379 (8th Cir. 1994) (citing Sprouse v. Babcock, 870 F.2d 450 (8th Cir.1989)). "Although the filing of a false disciplinary charge is not itself actionable under § 1983, the filing of a disciplinary charge becomes actionable if done in retaliation for the inmate's filing of a grievance." Id. An inmate need not show an independent injury apart from the false disciplinary charge. Id. "Because the retaliatory filing of a disciplinary charge strikes at the heart of an inmate's constitutional right to seek redress of grievances, the injury to this right inheres in

the retaliatory conduct itself." Id. "[A] threat of retaliation is sufficient injury if made in retaliation for an inmate's use of prison grievance procedures." Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994).

Taking plaintiff's allegations as a whole, and in the light most favorable to plaintiff, the Court finds that he has sufficiently pleaded a cause of action for retaliation for violation of his First Amendment rights. The Court finds that, taking plaintiff's allegations as true, it would be clear to a reasonable officer that his or her conduct was unlawful in the situations outlined above. Thus, defendants' request for qualified immunity at this early stage of the litigation must be denied, without prejudice.

E.     Conditions of Confinement Claim

Defendants assert that plaintiff's claims against defendant Brothers for "unsanitary living conditions," fails to state a constitutional violation, entitling defendant Brothers to qualified immunity on this claim.

To establish that conditions of confinement violate the Eighth Amendment, the plaintiff "must show that (1) the alleged deprivation is sufficiently serious that it denies 'the minimal civilized measure of life's necessities,' and (2) the prison officials were deliberately indifferent to 'an excessive risk to inmate health or safety.'" Seltzer–Bey v. Delo, 66 F.3d 961, 964 (8th Cir.1995)(quoting Williams

v. Delo, 49 F.3d 442, 445 (8th Cir.1995)); see also Reynolds v. Dormire, 636 F.3d 976, 979 (8th Cir.2011). The Eighth Amendment prohibits penalties "that transgress today's 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Hutto v. Finney, 437 U.S. 678, 685, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) (quoting Estelle v. Gamble, 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

Plaintiff states that defendant Brothers did not allow him to clean his cell for ninety (90) days. However, he has failed to allege anything more specific about the conditions in his cell. Plaintiff has not alleged that he suffered any injury or adverse health consequences as a result of his confinement, or that defendants knew of and disregarded an excessive risk to his health or safety. See Seltzer–Bey, 66 F.3d at 964 (citing Johnson v. Boreani, 946 F.2d 67, 71 (8th Cir.1991)(The Eighth Circuit has "held that the Eighth Amendment does not absolutely bar placing an inmate in a cell without clothes or bedding."). Plaintiff alleges only minor discomforts and inconveniences that do not rise to the level of constitutional violations. See Williams, 49 F.3d at 446 (no Eighth Amendment violation where plaintiff's evidence only showed that he felt some discomfort). Under these circumstances, defendant Brothers is entitled to qualified immunity based upon the allegations in the complaint.

F.  Deliberate Indifference to Recreational/Exercise Needs

In considering an alleged deprivation of adequate exercise, courts must consider several factors including: (1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement. Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992). Peterkin v. Jeffes, 855 F.2d 1021, 1028-29 (3d Cir.1988) (two hours per day of outdoor exercise not considered cruel and unusual punishment); Ruiz v. Estelle, 679 F.2d 1115, 1152 (5th Cir.1982) (one hour of exercise per day upheld as not violating the Eighth Amendment). The act of limiting exercise, by itself, is not enough to allege a constitutional violation. Wishon, 978 F.2d at 449. On the other hand, if a plaintiff pleads that a lack of exercise caused his muscles to atrophy or threatened his health, this may be enough to assert a constitutional violation. See, e.g., French v. Owens, 777 F.2d 1250, 1255 (7th Cir.1985), cert. denied, 479 U.S. 817 (1986).

In his complaint, plaintiff complains that he was only eligible for recreation time after June 23, 2009. There were only approximately two to three weeks from plaintiff's date of eligibility to when plaintiff was transferred to a different prison.[3]

---

[3] Plaintiff admits that he was transferred after 90 days in administrative segregation. Plaintiff appears to be calculating the time he was on disciplinary segregation and not allowed recreation time when he states that he did not receive

Plaintiff also does not allege that he was not allowed out of his cell at any time, but only complains of losing his recreation time. He has also failed to plead any injury or decline in his health as a result of not receiving his recreation time.

Based on the foregoing, the Court finds that plaintiff fails to allege a clearly established constitutional violation and defendants are entitled to qualified immunity as to plaintiff's claims for relief with respect to his denial of recreation time claim.

### III. Eleventh Amendment Immunity

Defendants assert that plaintiff's allegations against defendants in their official capacities should be dismissed because they are immune from suit under the Eleventh Amendment. The Eleventh Amendment generally bars suit against the states in federal courts. SDDS, Inc. v. South Dakota, 97 F.3d 1030, 1035 (8th Cir .1996). State officials sued in their official capacities normally are immune from suit in the federal courts. Id.; Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir.1997) ("§1983 damage claims against the seven individual defendants acting in their official capacities are likewise barred, either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes"); but see Rushing v. Simpson, No. 4:08CV1338, 2009 U.S. Dist. LEXIS 115718, at *13,

---

recreation for three months.

2009 WL 4825196 (E.D.Mo. Dec. 11, 2009) (citing Hafer v. Melo, 502 U.S. 21, 30–31, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991))("The Eleventh Amendment does not grant immunity when a § 1983 claim for damages is asserted against a state official in his or her personal capacity."); Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 619 (8th Cir.1995) ("The Eleventh Amendment does not prevent a plaintiff from seeking damages from a state official if she sues the official in his personal capacity.").

Plaintiff alleges claims against defendants in their official and individual or personal capacities. Based upon the foregoing, the Court dismisses the claims against the defendants in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **GRANTED IN PART**.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of September, 2012.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE